IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS G. CLAIBORNE,

      Plaintiff,                    No. CIV S-10-2427 LKK EFB P

    vs.

BLAUSER, et al.,

      Defendants.           <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Plaintiff is a state prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). It appears that on at least three prior occasions, plaintiff brought actions

////

////

1

while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[1]

> These are: *Claiborne v. Randolf*, 2003 U.S. Dist. LEXIS 6808, C 02-3375 WHA (PR) (N.D. Cal. Apr. 17, 2003); *Claiborne v. Culver City Police Dept.*, CV 00-01987-UA (C.D. Cal. Mar. 2, 2000) (dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994)); *Claiborne v. California Department of Parks & Recreation*, 2:00-cv-04044-UA (C.D. Cal. Apr. 25, 2000) (dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994)); *Claiborne v. State of California*, 2:00-cv-04315-R-SH (C.D. Cal. Sept. 11, 2000) (dismissal pursuant to *Preiser v. Rodriguez*, 411 U.S. 475, 500, 36 L. Ed. 2d 439, 93 S. Ct. 1827 (1973), and *Heck v. Humphrey*, 512 U.S. 477, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994)); *Claiborne v. Johnson*, 2:00-cv-09455-UA-SH (C.D. Cal. Nov. 8, 2000) (dismissal for failure to exhaust and failure to state a claim); *Claiborne v. Roe*, 2:00-cv-10272-UA-SH (C.D. Cal. Jan. 30, 2001) (dismissal for failure to state a claim); *Claiborne v. Cervantes*, 2:00-cv-11226-UA-SH (C.D. Cal. Oct. 30, 2000) (dismissal because only immune defendants named); *Claiborne v. Irwin*, 2:01-cv-00509-UA-SH, (C.D. Cal. Jan. 30, 2001) (dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994)); *Claiborne v. Director of Corrections*, 2:02-cv-04037-UA-SH (C.D. Cal. May 31, 2002) (dismissal for failure to state claim).

*Claiborne v. Doe*, No. C 04-1887 WHA, 2004 U.S. Dist. LEXIS 11995 (N.D. Cal. May 19, 2004).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. Cal. 2007). Plaintiff filed this action on September 10, 2010. Dckt. No. 1 ("Compl."). He alleges he is mobility impaired due to a total knee replacement and requires a four-point cane to ambulate. *Id.* at 3.[2] He claims that on May 3, 2010, he refused the orders of defendant Blauser. *Id.* at 4. Thereafter, Blauser allegedly ordered plaintiff to "cuff up" without waist chains, and forced plaintiff to walk without his cane. *Id.* Plaintiff claims Blauser dragged him across unlevel terrain, causing injury to his replacement knee. *Id.* at 5. Blauser apparently

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] For ease of reference, all references to page numbers in plaintiff's filings are to those assigned via the court's electronic filing system.

perceived plaintiff as resisting her, and applied excessive force by taking plaintiff to the ground and punching him, causing abrasions to plaintiff's left cheek, jaw, and knee. *Id.* at 5-6.

Plaintiff claims he is entitled to "imminent danger protection" because "it is apparent to the Plaintiff that the practices of the defendants and the CDCR will not cease until the Federal court order[s] them to change their escort procedures." *Id.* at 7. Plaintiff claims it is California Department of Corrections and Rehabilitation policy to forego waist chains in emergency situations. *Id.* at 4; Dckt. No. 2 (Pl.'s Req. for TRO) at 2 (stating that inmates are required to "cuff up" behind their backs while under escort during emergencies); Compl. at 56 (Director's Level Response) (stating that under CDCR policy, an officer may use handcuffs to restrain an inmate in a situation that could lead to violence or disruption).

Plaintiff's allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint. The complaint suggests that Blauser followed policy by ordering plaintiff to "cuff-up" after plaintiff refused to obey her orders. The existence of this policy does not present an imminent danger to plaintiff. Plaintiff allegedly sustained injuries after being dragged and beaten by Blauser during the subsequent escort. This alleged use of excessive force appears to be an isolated incident and does not present an ongoing danger to plaintiff. Thus, the imminent danger exception does not apply.

Accordingly, it is hereby RECOMMENDED that plaintiff's October 1, 2010 application to proceed *in forma pauperis* be denied, that plaintiff be directed to pay the $350 filing fee within 30 days, and that plaintiff be warned that his failure to do so will result in dismissal of this action. *See* 28 U.S.C. § 1914(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 Dated:  April 15, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE