UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS G. CLAIBORNE,

        Plaintiff,

   v.

BLAUSER, et al ,

        Defendants.

NO. CIV. S-10-2427 LKK EFB P

O R D E R

## I. INTRODUCTION

Plaintiff, a state prisoner proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff has filed a motion to proceed *in forma pauperis*. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 15, 2011, the magistrate judge filed Findings and Recommendations which were served on plaintiff and which contained notice to plaintiff that any objections to the

1

Findings and Recommendations were to be filed within fourteen days.[1]  The magistrate judge recommends denying plaintiff's application to proceed *in forma pauperis* on the grounds that pursuant to 28 U.S.C. § 1915(g): (i) the plaintiff has filed three or more prior suits constituting "strikes;" and (ii) he does not qualify for the "imminent danger" exception to the three-strike rule.  On April 9, 2010, plaintiff filed objections to the Findings and Recommendations.

## II. ANALYSIS

### A.   Standard of Review

When reviewing the Findings and Recommendations of the magistrate judge, the district court is instructed to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009).  "De novo review means that the reviewing court 'do[es] not defer to the lower court's ruling but freely consider[s] the matter anew, as if no decision had been rendered below.'" Id, at 933, quoting United States v. Silverman, 861 F.2d 571, 576 (9th Cir.1988).  The court presumes that any findings of fact not objected to are correct. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are also reviewed de novo. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

---

[1] Local R. 303(b) (14 days to seek reconsideration).

**B.    Three Strikes**

Plaintiff cannot be granted *in forma pauperis* status here if on three or more prior occasions, he brought a federal case "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); Skinner v. Switzer, 562 U.S. ___, 131 S. Ct. 1289, 1299-1300 (2011) (noting Congressional controls placed on prisoner lawsuits).  The magistrate found that "on at least three prior occasions, plaintiff brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted."  Plaintiff does not object to this factual finding, and accordingly this court will presume that it is correct.

**C.    Imminent Danger.**

After reviewing the allegations in two of plaintiff's submissions – the Complaint and the request for a Temporary Restraining Order – the magistrate judge identified several grounds upon which plaintiff might base a claim of "imminent danger."  In making the imminent danger determination, the magistrate judge relied on two: (i) defendant's ordering plaintiff, pursuant to policy, to "cuff up"[2] after plaintiff had refused to obey defendant's orders; and (ii) an episode in which

---

[2] Apparently, this means an order to put on handcuffs.

3

1 plaintiff was dragged and beaten by defendant.  The magistrate
2 judge concluded that the beating was "an isolated incident," and
3 that the "cuff up" policy did not present an imminent danger to
4 plaintiff.
5     Plaintiff objected to the Findings and Recommendations on
6 two grounds.  First, he disagreed with the magistrate judge's
7 "assumption" that the beating he allegedly suffered was an
8 isolated incident.  Second, he disagreed with the magistrate
9 judge's characterization of his "imminent danger" claim.
10     **1.    Standard for Imminent Danger.**
11     A plaintiff who is otherwise barred from filing *in forma*
12 *pauperis* because he has three strikes under Section 1915(g), may
13 nevertheless proceed if he satisfies the "imminent danger"
14 exception.  15 U.S.C. § 1915(g).  "The exception applies if the
15 complaint makes a plausible allegation that the prisoner faced
16 'imminent danger of serious physical injury' at the time of
17 filing."  Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th
18 Cir. 2007).
19     **2.    Plaintiff Sufficiently Alleged "Imminent Danger."**
20         a.   **Handcuffing behind the back**
21     Plaintiff alleges that in moving "mobility-impaired"
22 inmates such as himself by foot, it is the practice of the
23 defendants: (i) to restrain such inmates by handcuffing them
24 behind their backs, despite what he says is a written policy
25 prohibiting it; and (ii) to not permit such inmates to use their
26 crutches or canes.  Plaintiff described an incident during which

4

1 this practice was allegedly applied, and which directly resulted
2 in injury to him.  Specifically, according to plaintiff, he was
3 unable to support himself in the condition imposed by this
4 practice, and as a result defendants dragged him to his
5 destination, putting his knee replacement at risk and causing
6 considerable pain.

7 As the basis for his claim that it is defendants' practice
8 to transport plaintiff in this manner, plaintiff alleges that
9 during the incident where this alleged policy was applied,
10 defendants "said that it was the Procedure of the CDCR."  This
11 alleged admission by defendants will suffice to show that the
12 conduct described was a policy or practice.  Since the alleged
13 practice resulted, at least on this occasion, in the plaintiff's
14 falling and endangering his knee replacement, plaintiff has
15 sufficiently alleged "imminent danger."

16 **b.   The beating**

17 Plaintiff also alleges that during the incident described
18 above, his inability to support himself while being dragged to
19 his destination caused his body to roll and jerk unpredictably,
20 and those motions were interpreted by defendants as an attack.
21 According to plaintiff, this perceived attack prompted
22 defendants to beat him in a brutal manner.  Thus, if plaintiff
23 is to be believed – and the court makes no finding that the
24 allegations are or are not to be believed – then defendants
25 handcuffed plaintiff behind his back, dragged him over rough and
26 ///

uneven terrain, ignored his cries to protect his knee replacement, and dealt him a brutal beating.

As the basis for his claim that it is defendants' practice to beat him, plaintiff alleges that a California Senate report identifies the High Desert State Prison staff as "cruel and brutal overseers." However, plaintiff's reference to a Californa Senate Report will not suffice to show that there was a pattern or practice of beating <u>him</u>. He does, however, plausibly allege a recurring practice – forcing mobility impaired inmates, including himself, to walk with hands cuffed behind them and without their crutches and canes – that triggered the alleged beating.

Section 1915(g) does not require that plaintiff be beaten over and over again before he qualifies to file a civil rights complaint without paying the filing fee. <u>Andrews</u>, 493 F.3d at 1056 (rejecting a standard under which plaintiff would always be either too early or too late to claim "imminent danger"). Accordingly, plaintiff's allegations of a pattern and practice that triggered a beating, suffices for Section 1915(g), especially given the court's finding above, that the pattern and practice itself – even without the beating alleged to be triggered by it – was sufficient to show "imminent danger."

### III. CONCLUSION

Plaintiff has thus plausibly alleged an "ongoing danger," namely a policy or practice of defendants that results in injury or risk of injury to plaintiff whenever it is followed. <u>See</u>

6

1  Andrews, 493 F.2d at 1056 (plaintiff is only required to
2  "'allege[ ] an ongoing danger'"), quoting Ashley v. Dilworth,
3  147 F.3d 715, 717 (8th Cir. 1998).  This alleged policy would be
4  used every time plaintiff is moved from one location to another.
5      The court accordingly DECLINES to adopt the magistrate
6  judge's April 15, 2011 Findings and Recommendations.  The
7  magistrate judge shall resume consideration of plaintiff's
8  application to proceed *in forma pauperis* consistently with this
9  order.
10 IT IS SO ORDERED.
11     DATED: June 24, 2011

                                    _____
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT

7