IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS G. CLAIBORNE,

Plaintiff, No. CIV S-10-2427 LKK EFB P

vs.

BLAUSER, et al.,

Defendants. ORDER AND FINDINGS AND RECOMMENDATIONS

_______________________________/

Dennis G. Claiborne, a state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis, a request for appointment of counsel and two requests for preliminary injunctions. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. Request to Proceed In Forma Pauperis**

Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 8, 17. Under 28 U.S.C. § 1915(g), a prisoner may not proceed in forma pauperis if on three or more prior occasions, he has, while incarcerated, brought an action that was dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. On April 15, 2011, the undersigned found that § 1915(g) barred

plaintiff from proceeding in forma pauperis and recommended that plaintiff's request to so proceed be denied. Dckt. No. 13. On June 27, 2011, the assigned district judge declined to adopt that recommendation, concluding that plaintiff had adequately alleged an imminent danger of serious physical injury. Dckt. No. 16. The district judge directed the undersigned to resume consideration of plaintiff's application to proceed in forma pauperis. *Id.*

In considering the remainder of the relevant factors, plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2) and the court grants plaintiff's application to proceed in forma pauperis. By separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II. Screening Order**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

////

It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). However, a district court must construe a pro se pleading "liberally," and prior to dismissal, inform the plaintiff of deficiencies in his complaint and provide him with an opportunity to cure those deficiencies in an amended complaint. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**A. Plaintiff's Allegations**

Plaintiff's allegations concern events that allegedly took place at High Desert State Prison. Compl. at 3.[1] Plaintiff alleges he is mobility impaired due to a total knee replacement and requires a four-point cane to ambulate. *Id.* According to plaintiff, defendants Blauser and Martin were or should have been aware of plaintiff's medical condition. *Id.* at 7.

Plaintiff claims that on May 3, 2010, defendant Blauser informed plaintiff she had received a call informing her that plaintiff had been "hanging out." *Id.* at 4. Plaintiff allegedly denied he had been hanging out. *Id.* Blauser then allegedly demanded that plaintiff be confined to his cell and denied yard or day-room privileges. *Id.* In response, plaintiff asked Blauser if he could speak with the yard sergeant. *Id.* Blauser allegedly repeated her order that plaintiff go to his cell. *Id.* Next, plaintiff claims he again requested to see the yard sergeant before he was confined to his cell. *Id.*

Blauser then allegedly took plaintiff's cane and ordered plaintiff to "cuff up" without waist chains. *Id.* Plaintiff claims he objected when Blauser took his cane and handcuffed him behind his back, but Blauser responded "that it was the procedure of the CDCR." *Id.* Exhibits to plaintiff's complaint, as well as plaintiff's September 10, 2010 motion for a preliminary injunction, indicate that in emergency situations, prison officials may forego waist chains and handcuff an inmate behind his back. Dckt. No. 2 at 2 (stating that inmates are required to "cuff

[1] The page numbers cited herein are those assigned by the court's electronic docketing system and not those assigned by plaintiff.

up" behind their backs while under escort during emergencies); Compl. at 56 (Director's Level Response to plaintiff's administrative appeal) (stating that under California Department of Corrections and Rehabilitation ("CDCR") policy, an officer may use handcuffs to restrain an inmate in a situation that could lead to violence or disruption).

After being handcuffed, plaintiff claims defendants Blauser and Martin allegedly "march[ed]/ drag[ged]" plaintiff across the yard, "which is riddled with potholes and grass patches." Compl. at 5. Plaintiff claims he tried to alert defendants of his difficulty walking across the yard without his cane, but they continued to jerk plaintiff's arm and pull him across the yard. *Id.* As a result, plaintiff claims he stumbled. *Id.* Plaintiff alleges Blauser then insisted that plaintiff was trying to get way from her and could not be convinced that plaintiff needed his cane or that they were dragging him too fast. *Id.*

Plaintiff alleges that during the escort, he stumbled over a three to five inch lift on the ground. *Id.* When Blauser felt the weight of plaintiff coming down, she allegedly yelled "He's resisting," and took plaintiff to the ground. *Id.* Plaintiff claims Blauser kneed him in the ribs, on his replacement knee, and on his head. *Id.* Plaintiff claims she also punched him in the face three to five times, until relief officers arrived *Id.* at 6.

Plaintiff claims defendant Gullion interviewed plaintiff afterward. *Id.* Gullion allegedly warned plaintiff that if he claimed Blauser applied excessive force, plaintiff would be placed in the "hole" indefinitely. *Id.* Plaintiff claims he told Gullion that Blauser's actions did not amount to excessive force. *Id.* However, plaintiff now claims that Blauser's actions violated the Eighth Amendment. *Id.*

Plaintiff claims he was injured in that he suffered abrasions to his face and knee, his knee became "wobbly," his ribs were "re-injured," and he began to suffer headaches. *Id.* at 6, 10. Plaintiff alleges his injuries could have been prevented by application of waist restraints, use of his cane, and by taking appropriate care in walking plaintiff on level terrain. *Id.* at 7. According to plaintiff, it is apparent that the practices of the defendants and the CDCR will not cease unless

the court orders them to change their escort procedures. *Id.*

Plaintiff's complaint includes a section called "Personal Involvement," in which he alleges in various conclusory terms, that all defendants named – Blauser, Martin, Gullion, McDonald, the Director of Corrections, and John Does – failed to make policy to prevent predictable violations, knew that constitutional violations were taking place and failed to correct them, failed to act on obvious risks to the health and safety of plaintiff, failed to properly train subordinates in handling inmates with disabilities, allowed systematic or gross deficiencies in procedures, and approved, allowed, continued, or tacitly authorized policies, practices or procedures which were substantially certain to result in deprivations of plaintiff's constitutional rights. *Id.* at 12-14. The complaint does not include any factual allegations against defendants McDonald, the Director of Corrections, or Doe defendants.

Plaintiff seeks damages and injunctive relief. *Id.* at 4.

**B. Eighth Amendment Standards**

**1. Excessive Force**

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). In order to state a claim for the use of excessive force in violation of the Eighth Amendment, plaintiff must allege facts that, if proven, would establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id.* at 7.

////

////

**2. Deliberate Indifference to Medical Needs**

To state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

////

////

**C. Supervisor Liability**

There is no respondeat superior liability under section 1983. *Jones*, 297 F.3d at 934. That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 129 S.Ct. at 1948. Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* To be held liable, "the supervisor need not be directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury." *Starr v. Baca*, 633 F.3d 1191, 1194-95 (9th Cir. 2011) (quotations omitted). Nonetheless, a plaintiff must establish a causal connection between the supervisor's conduct and the plaintiff's claimed injury. *Id.* at 1196.

**D. Doe Defendants**

In light of Rule 15 of the Federal Rules of Civil Procedure, which governs motions to amend the complaint to add parties and claims, the use of Doe defendants is unnecessary in federal court. It is also disfavored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If plaintiff later discovers the identity of a person or party he wishes to add as a defendant, Rule 15 governs and prescribes the procedure that plaintiff must follow. If his request to amend, should he present one, raises issues of whether the claim(s) against the proposed new defendant has become time-barred, Rule 15(c) provides the standard that plaintiff must satisfy. For these reasons the Doe defendants will be disregarded.

Additionally, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

**E. Discussion**

The undersigned finds, for the limited purposes of § 1915A screening, that plaintiff's allegations of being dragged while handcuffed behind his back, and subsequently forced to the

ground and beaten, state colorable Eighth Amendment excessive force and deliberate indifference to medical needs claims against defendants Blauser and Martin. For the reasons stated below, the complaint does not state a cognizable claim against any other defendant.

Plaintiff alleges that Gullion threatened plaintiff with placement in the "hole" if plaintiff claimed Blauser had used excessive force against him, but plaintiff does not identify any theory of liability against Gullion based on this alleged threat. Nor does plaintiff include factual allegations regarding why Gullion allegedly threatened plaintiff with the "hole," or how it caused plaintiff any harm.

Plaintiff also names McDonald, the Director of Corrections, and John Does in the "Personal Involvement" section of his complaint. However, all of the allegations in that section are couched in conclusory terms, and contain no supportive factual allegations. While Blauser and Martin may be liable to plaintiff based on their alleged dragging and beating of plaintiff, plaintiff has not shown how any other defendant has violated his rights and caused him any injury. Without alleging sufficient facts linking the remaining defendants to any deprivation of plaintiff's rights, plaintiff fails to allege a plausible claim for relief against them.

Nor does the complaint state cognizable claims for relief based upon state tort law, as plaintiff has not plead compliance with the California Government Claims Act ("Act"). The Act requires that a plaintiff who seeks to prosecute a claim for damages against a state employee first present that claim to the California Victim Compensation and Government Board within six months of the accrual of the claim, to obtain leave to file a late claim, or to obtain judicial relief from the claim-presentation requirement. Cal. Gov't Code §§ 905, 905.2, 910, 911.2, 911.4, 911.6, 945.4, 950-950.2; *California v. Super. Ct. (Bodde)*, 32 Cal.4th 1234, 1245 (2004). To state a tort claim against a state employee, the plaintiff must allege compliance with the presentation requirement. *Bodde*, 32 Cal.4th at 1245; *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

////

In light of the above, plaintiff may either proceed with this action by serving defendants Blauser and Martin and pursuing his Eighth Amendment claims against them or he may delay serving those defendants and file an amended complaint that cures the deficiencies identified in this screening order. If plaintiff elects to attempt to amend his complaint, he has 30 days so to do. He is not obligated to amend his complaint. If plaintiff chooses not to amend his complaint, he has 30 days to return the required materials for service of process on defendants Blauser and Martin.

In addition to the requirements set forth above, any amended complaint must also adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter

repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Blauser and Martin.

**III. Request for Counsel**

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

**IV. Motions for Preliminary Injunctions**

Plaintiff seeks an injunction enjoining defendants, their successors, agents and employees, from enforcing a policy of handcuffing mobility impaired inmates behind their backs, forcing them to relinquish their crutches or canes, and making them traverse over un-level terrain while being escorted during emergencies. Dckt. No. 2 at 2. Plaintiff does not indicate how often these emergency escort procedures are used, or what qualifies as an emergency. Nor does he allege facts or present evidence that he is at imminent risk of being subjected to those procedures. Additionally, plaintiff is no longer housed at High Desert State Prison, where the events giving rise to plaintiff's claims allegedly occurred.[2] *See* Dckt. Nos. 12, 18.

////

[2] Plaintiff also requests that he be transferred to a federal institution in the downtown Los Angeles area. Dckt. No. 20 at 10.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit Court of Appeals has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, at 1134-35 (9th Cir. 2011). Under this sliding scale the elements of the preliminary injunction test are balanced. As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. *Id.*

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

On June 27, 2011, the district judge determined that because plaintiff alleged that CDCR's policy of handcuffing inmates behind their backs and taking away their canes or crutches resulted in plaintiff falling and endangering his knee replacement, plaintiff had sufficiently alleged "imminent danger" for purposes of section 1915(g). Dckt. No. 16 at 5. The district judge also determined plaintiff had alleged a policy or practice of defendants that results

in injury or risk of injury to plaintiff whenever it is followed and that the alleged policy "would be used every time plaintiff is moved from one location to another." *Id.* at 6-7. Those allegations are adequate for purposes of pleading requirements and section 1915(g), but they are not a substitute for evidence required to justify a preliminary injunction. Rather, the Supreme Court has held that the party seeking the injunction must prove that he is likely to suffer irreparable harm in the absence of preliminary relief. *Winter*, 555 U.S. at *22. Thus, it does not follow from these earlier determinations allowing plaintiff to proceed under section 1915(g) that he is necessarily entitled to a preliminary injunction.

Here, although plaintiff has made a number of allegations regarding an alleged policy of handcuffing mobility impaired inmates and taking away their crutches or canes while being escorted during emergencies, he has not presented evidence showing how often this practice occurs, under what specific circumstances it occurs, or that he is at imminent risk of being subjected to those procedures. Additionally, as noted, plaintiff is no longer housed at High Desert State Prison, where these events allegedly occurred. Plaintiff has not satisfied the requirements of *Winter* for a preliminary injunction to issue.

As to the merits prong, again, the fact that plaintiff has met the pleading requirements allowing him to proceed with the complaint does not, ipso facto, entitle him to a preliminary injunction. Rather, as with the allegation of irreparable harm, the focus on this motion is not the sufficiency of the allegations of his pleading, but rather whether the allegations have been adequately demonstrated with evidence sufficient to show that he is likely to prevail on the merits. Although plaintiff has stated a claim, he has not presented evidence sufficient to meet his burden on this motion. Unlike the screening process, his allegations are not assumed to be true and must be supported by evidence. He does not present evidence, nor does the complaint allege facts showing that in handcuffing plaintiff and taking away his cane, Blauser acted with deliberate indifference to plaintiff's serious medical needs or maliciously and sadistically for the purpose of causing harm. Even a liberal reading of plaintiff's allegations suggests that Blauser

acted in an attempt to restore discipline after plaintiff repeatedly refused her orders to return to his cell. Whether Blauser and Martin subsequently violated plaintiff's Eighth Amendment rights remains disputed. These are issues that will be addressed at a later stage of the proceedings, either on summary judgment or at trial. Plaintiff has not at this stage demonstrated a likelihood of success on his claims.

Finally, assuming a likelihood of success on the merits, the balance of equities and public interest do not weigh in favor of a preliminary injunction. Plaintiff submits medical documentation showing he is mobility impaired, he should be restrained through waist chains, and he requires relatively level terrain and no obstructions in his path of travel. Dckt. No. 1 at 21-22; Dckt. No. 2 at 4. Plaintiff explains that after he complained about Blauser's alleged actions, prison officials informed him that attempting to place an inmate into waist restraints when the inmate is refusing orders would place the inmate and staff in possible jeopardy. *Id.* Plaintiff was further informed that his medical need for waist restraints and level terrain would not prevent an officer from using sound correctional judgment in that situation. *Id.*

Each party has relative equities that weigh in the balance. While plaintiff is certainly entitled to dispute and test whether the defendants' concerns over sacrificing institutional safety and security are sufficient to outweigh the interests plaintiff is advancing, it is undisputed that plaintiff is no longer at the institution where he allegedly was subjected to restraint in the manner he describes. *See* Dckt. Nos. 12, 18. On the other hand, plaintiff seeks injunctive relief that would affect emergency escort procedures of all mobility impaired inmates. Requiring defendants to apply waist chains and find an unobstructed path of travel for mobility impaired inmates will not always be safe or even possible. Plaintiff fails to demonstrate that his need for waist chains, a cane, and level terrain, always or even usually outweighs institutional safety or security concerns in situations calling for emergency escorts of mobility impaired inmates, even if that was true as to the past instances that he alleges.

////

In light of the above, plaintiff's motions for preliminary injunctions should be denied. Plaintiff's request to be transferred to federal custody should also be denied because inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

**V. Conclusion**

Accordingly, the undersigned HEREBY ORDERS that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The allegations in the pleading are sufficient at least to state potentially cognizable Eighth Amendment deliberate indifference to medical needs and excessive force claims against defendants Blauser and Martin. *See* 28 U.S.C. § 1915A.

4. All remaining claims and defendants are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to cure the deficiencies identified above. Plaintiff is not obligated to amend his complaint.

5. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed September 10, 2010, two USM-285 forms and instructions for service of process on defendants Blauser and Martin. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the September 10, 2010 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Blauser and Martin will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

6. Failure to comply with this order will result in a recommendation that this action be dismissed.

Further, it is hereby RECOMMENDED that plaintiff's motions for preliminary injunctions (Dckt. Nos. 2, 20) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 31, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS G. CLAIBORNE,

Plaintiff, No. CIV S-10-2427 LKK EFB P

vs.

BLAUSER, et al.,

Defendants. NOTICE OF SUBMISSION OF DOCUMENTS

______________________________/

In accordance with the court's order filed ______________________, plaintiff hereby elects to:

(1) ______ proceed against defendants Blauser and Martin on the Eighth Amendment claims, and submits the following documents:

1 completed summons form

2 completed forms USM-285

3 copies of the September 10, 2010 Complaint

**OR**

(2) ______ delay serving any defendant and files an amended complaint in an attempt to cure the deficiencies identified in the court's screening order.

Dated:

______________________________
Plaintiff