IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS G. CLAIBORNE,

       Plaintiff,                      No. CIV S-10-2427 LKK EFB P

    vs.

BLAUSER, et al.,

       Defendants.             ORDER

                               /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This order concerns plaintiff's request to "remove" the Office of the Attorney General ("AG") as counsel for defendants. Dckt. No. 41. As explained below, plaintiff's motion must be denied.

       Plaintiff requests that the AG be disqualified from representing defendants in this matter, citing a conflict of interest and an equal protection violation. Plaintiff claims that the AG's representation of defendants creates a conflict of interest because the AG took no action on plaintiff's request that it prosecute the defendants for their alleged use of excessive force, and because plaintiff engaged in an attorney-client communication with the AG when someone from the "public inquiry unit" of the AG responded to plaintiff's request for prosecution by directing him to contact the Office of the Inspector General. Plaintiff also claims the AG's "selective prosecution" violates the Equal Protection Clause of the Fourteenth Amendment.

1

Generally, only current or former clients have standing to seek disqualification based on an attorney's alleged conflict of interest. *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998). However, a non-client may have standing to seek disqualification if he demonstrates an injury that is concrete and particularized, and actual or imminent – not conjectural or hypothetical. *Colyer v. Smith*, 50 F. Supp. 2d 966, 971 (C.D. Cal. 1999).

Here, plaintiff is not a current or former client of the AG, and his alleged communication with the AG did not create an attorney-client relationship. *See United States v. Landof*, 591 F.2d 36, 38 (9th Cir. 1978) (explaining that the attorney client privilege applies, "(1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived."). Plaintiff claims generally that he informed the AG about his claims that defendants assaulted him, but does not explain how this communication results in a conflict of interest or a concrete injury. Nor does plaintiff's claimed equal protection violation, apparently based on the AG's decision to not prosecute defendants, but instead represent them, create grounds for disqualification. *See California Air Resources Bd. v. Hart*, 21 Cal. App. 4th 289, 295 (1993) ("[I]in the absence of any legislative restriction, [the Attorney General] has the power to file any civil action or proceeding directly involving the rights and interests of the state, or which he deems necessary for the enforcement of the laws of the state, the preservation of order, and the protection of public rights and interest. [Citation] Conversely, he has the duty to defend all cases in which the state or one of its officers is a party.") (citing Cal. Gov't. Code, § 12512)).

/////
/////
/////
/////

Accordingly, IT IS HEREBY ORDERED that plaintiff's February 2, 2012 request to disqualify the Attorney General, Dckt. No. 41, is denied.

Dated: March 5, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE