IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS G. CLAIBORNE,

    Plaintiff,                      No. CIV S-10-2427 LKK EFB P

    vs.

BLAUSER, et al.,

<u>ORDER</u>

    Defendants.

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This order addresses plaintiff's six filings following defendants' filing of an answer on March 7, 2012. *See* Dckt. Nos. 47, 48, 49, 51, 52, 53. It also addresses defendants' request for an extension of time to respond to plaintiff's discovery requests. Dckt. No. 50.

    On March 19, 2012, plaintiff filed a response to defendants' answer. Dckt. No. 47. Neither the Local Rules of this court nor the Federal Rules of Civil Procedure authorize the filing of a response to an answer. Plaintiff's response to defendants' answer, therefore, is disregarded.

    On March 26, 2012, plaintiff requested that the court appoint a medical expert to explain plaintiff's knee injury and to verify his physical condition. Dckt. No. 48. On March 30, 2012, plaintiff requested that the court appoint a law enforcement expert to explain whether defendants followed correct escort procedures. Dckt. No. 49. Plaintiff does not indicate why he is

1  requesting experts at this stage of the proceedings – discovery, *see* March 14, 2012 Discovery
2  and Scheduling Order, Dckt. No. 46 – but does state that experts should be appointed because he
3  is indigent. Dckt. Nos. 48, 49. Although plaintiff proceeds in forma pauperis, the expenditure of
4  public funds on behalf of an indigent litigant is proper only when authorized by Congress.
5  *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize
6  the expenditure of public funds for witnesses. *See* 28 U.S.C. § 1915; *see also Gorton v. Todd*,
7  793 F. Supp. 2d 1171, 1184 n.11 (E.D. Cal. 2011*)*. Therefore, plaintiff's requests for the
8  appointment of experts are denied.

9        On April 23, 2012, plaintiff filed a ten page pretrial statement, accompanied by over 250
10 pages of exhibits. Dckt. No. 51. Plaintiff is hereby informed that the court is not a repository for
11 his evidence and he shall not file documentary evidence in support of his claims unless it is
12 necessary for the resolution of a motion. Moreover, this case is only in the discovery stage.
13 Whether this case even proceeds to trial depends on the resolution of any dispositive motions.
14 Should this case proceed to trial, the court will direct the parties to file pretrial statements. Until
15 then, plaintiff's pretrial statement is premature and will be disregarded.

16       On April 23, 2012, plaintiff filed requests for orders directing his anticipated witnesses to
17 appear for trial. Dckt. Nos. 52, 53. These requests are also premature. Should this case proceed
18 to trial, the court will direct plaintiff to request the attendance of witnesses at trial.

19       On April 23, 2012, defendants requested an extension of time to respond to plaintiff's
20 discovery requests. Plaintiff did not oppose that request. Good cause appearing, defendants are
21 granted, nunc pro tunc, a ten-day extension to submit their responses to plaintiff's first set of
22 requests for production of documents, requests for admission, and interrogatories. Defendants'
23 responses were therefore due on or before May 3, 2012.

24 ////
25 ////
26 ////

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. Plaintiff's response to defendants' answer, Dckt. No. 47, is disregarded.

3  2. Plaintiff's requests for the appointment of an expert, Dckt. Nos. 48, 49, are denied.

4  3. Plaintiff's pretrial statement, Dckt. No. 51, is disregarded.

5  4. Plaintiff's requests for the attendance of witnesses at trial, Dckt. Nos. 52, 53, are denied.

7  5. Defendants' request for an extension of time to respond to plaintiff's discovery requests, Dckt. No. 50, is granted.

DATED: May 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE