1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DENNIS CLAIBORNE,

11              Plaintiff,              No. 2:10-cv-02427 LKK EFB P

12        vs.

13   BLAUSER, et al.,

14              Defendants.              FINDINGS AND RECOMMENDATIONS
     _____/

15

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  He has filed a motion for summary judgment, which is currently before the

18   court.  Dckt. No. 55.  For the reasons that follow, the undersigned recommends that the motion

19   be denied.

20   **I.      Background**

21        This action proceeds on the verified complaint filed September 10, 2010.  Dckt. No. 1.

22   The claims that remain in the action are plaintiff's claims that defendants subjected him to

23   excessive force and were deliberately indifferent to his serious medical needs in violation of the

24   Eighth Amendment.  Dckt. No. 22.

25   ////

26   ////

1

1    Plaintiff alleges that he is mobility impaired due to a total knee replacement

2    and requires a cane to ambulate.  Dckt. No. 1 at 3.[1]  He further alleges that on May 3, 2010,

3    defendant Blauser informed plaintiff that she had received a call informing her that plaintiff had

4    been "hanging out."  *Id.* at 4.  Plaintiff denied he had been hanging out.  *Id.*  Defendant Blauser

5    then allegedly demanded that plaintiff be confined to his cell and denied yard or day-room

6    privileges.  *Id.*  In response, plaintiff asked defendant Blauser if he could speak with the yard

7    sergeant.  *Id.*  According to plaintiff, defendant Blauser repeated her order that plaintiff go to his

8    cell.  *Id.*  Plaintiff again requested to see the yard sergeant.  *Id.*  Blauser then allegedly took

9    plaintiff's cane and ordered plaintiff to "cuff up" without waist chains.  *Id.*  Plaintiff objected

10   when defendant Blauser took his cane and handcuffed him behind his back, but defendant

11   Blauser responded that it was California Department of Corrections and Rehabilitation

12   ("CDCR") procedure.  *Id.*

13   Plaintiff further alleges that after being handcuffed, defendants Blauser and Martin

14   "march[ed]/drag[ged]" plaintiff across the yard, "which is riddled with potholes and grass

15   patches."  *Id.* at 5.  Plaintiff tried to alert defendants to his difficulty walking across the yard

16   without his cane, but they continued to jerk plaintiff's arm and pull him across the yard.  *Id.*  As

17   a result, plaintiff stumbled.  *Id.*  Defendant Blauser then insisted that plaintiff was trying to get

18   way from her and could not be convinced that plaintiff needed his cane or that they were

19   dragging him too fast.  *Id.*  Plaintiff states that during the escort he stumbled over a three to five

20   inch lift on the ground.  *Id.*  According to plaintiff, when defendant Blauser felt the weight of

21   plaintiff coming down, she yelled "He's resisting," and took plaintiff to the ground.  *Id.*

22   Defendant Blauser then allegedly kneed him in the ribs, on his replacement knee, and on his

23   head.  *Id.*  Allegedly, she also punched him in the face three to five times, until relief officers

24   arrived.  *Id.* at 6.

25   _____

26   [1] Page numbers cited herein refer to those assigned by the court's electronic docketing
system and not those assigned by the parties.

1   As a result of defendants' actions, plaintiff alleges that he suffered abrasions to his face

2   and knee, his knee became "wobbly," his ribs were "re-injured," and he began to suffer

3   headaches.  *Id.* at 6, 10.  Plaintiff alleges his injuries could have been prevented by application of

4   waist restraints, use of his cane, and by taking appropriate care in walking plaintiff on level

5   terrain.  *Id.* at 7.

6   Lastly, plaintiff alleges that defendants were or should have been aware of plaintiff's

7   medical condition.  *Id.* at 7.

8   In support of his motion for summary judgment, plaintiff offers three "undisputed facts":

9   (1) that plaintiff was a participant in CDCR's Disability Placement Program as a mobility-

10  impaired individual and has been approved to use a one-point cane to ambulate; (2) that

11  defendants took his cane and then escorted him over rough terrain and forced him to the ground

12  although he needs the cane and relatively level terrain; and (3) that California Code of

13  Regulations, Title 15, § 3358 provides that no inmate shall be deprived of a prescribed

14  orthopedic appliance unless certain doctors provide approval.  Dckt. No. 55 at 7-8, Pl.'s Stmt. of

15  Undisp. Facts ISO Pl.'s Mot. for Summ. J. (hereinafter "PUF").  Defendants do not, for the most

16  part, dispute these facts.  Dckt. No. 57-1, Defs.' Resp. to PUF; 57-2, Defs.' Stmt. of Undisp.

17  Facts in Opp'n to Pl.'s Mot. for Summ. J. (hereinafter "DUF").  (Defendants contest only

18  plaintiff's self-description as a "handicap cripple" and his description of the terrain as rough.)

19  Defendants do, however, offer a version of events in contrast to that provided in the

20  complaint.  According to defendants, after confiscating the cane, they assured plaintiff they

21  would not let him fall during the escort.  DUF 9.  However, plaintiff twice broke away from

22  defendant Blauser.  DUF 10.  Plaintiff stated, "You ain't gonna just drag me across the yard

23  without my cane!"  DUF 11.  After the first time plaintiff broke away, defendant Blauser told

24  plaintiff not to jerk away from her.  DUF 12.  When plaintiff again broke away, defendant

25  Blauser said, "He's resisting," and forced plaintiff to the ground.  DUF 13, 14.

26  ////

## II.    Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving

party need not produce evidence which negates the opponent's claim.  *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *See id.* at 322.  In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is determined by the substantive law applicable for the claim in question.  *Id.*  If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine.  In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question.  Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual

1    claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

2    *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).  Rather, the opposing party must, by affidavit

3    or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

4    for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to

5    demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such

6    that a fair-minded jury "could return a verdict for [him] on the evidence presented."  *Anderson*,

7    477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

8         The court does not determine witness credibility.  It believes the opposing party's

9    evidence, and draws inferences most favorably for the opposing party.  *See id.* at 249, 255;

10   *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the

11   proponent must adduce evidence of a factual predicate from which to draw inferences.  *American

12   Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J.,

13   dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts

14   at issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441

15   (9th Cir. 1995).  On the other hand,"[w]here the record taken as a whole could not lead a rational

16   trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*,

17   475 U.S. at 587 (citation omitted).  In that case, the court must grant summary judgment.

18        Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

19   show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

20   as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

21   'genuine issue for trial.'"  *Id.*  If the evidence presented and any reasonable inferences that might

22   be drawn from it could not support a judgment in favor of the opposing party, there is no genuine

23   issue.  *Celotex.*, 477 U.S. at 323.  Thus, Rule 56 serves to screen cases lacking any genuine

24   dispute over an issue that is determinative of the outcome of the case.

25   ////

26   ////

6

**III.   Analysis**

Here, it is plaintiff who will bear the burden of establishing the elements of his claims at trial.  He cannot simply assert that defendants cannot prove their version of what occurred.  Rather, to obtain summary judgment, plaintiff must set forth evidence establishing beyond controversy the required elements of his claims.  *James v. Scribner*, No. 1:04-CV-05878 LJO-DLB P, 2008 U.S. Dist. LEXIS 19476, at * 3 (E.D. Cal. Mar. 13, 2008).  As mentioned above, plaintiff's remaining claims are against defendants Martin and Blauser for excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment.

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment."  *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).  In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response.  *Id.* at 7.

Plaintiff's evidence does not establish beyond controversy the elements of an excessive force claim.  Rather, the parties dispute many of the relevant facts, such as whether the force used was necessary, whether defendants perceived that plaintiff posed a threat, and whether the force was used in a good-faith effort to maintain discipline or was wanton, disputes over which plaintiff will bear the burden of proof at trial.  Accordingly, the undersigned recommends that the plaintiff's motion for summary judgment on his excessive force claim be denied.

Plaintiff also seeks summary judgment as to his medical treatment claim.  To establish a violation of the Eighth Amendment based on inadequate medical care, plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate

7

indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious

medical need is one that significantly affects an individual's daily activities, an injury or

condition a reasonable doctor or patient would find worthy of comment or treatment, or the

existence of chronic and substantial pain.  *See, e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60

(9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th

Cir. 1997) (*en banc*).  To act with deliberate indifference, a prison official must both be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists, and

he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a

defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and

disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.  "[I]t is enough

that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."

*Id.* at 842.

Here, the parties dispute at least one fact material to plaintiff's deliberate indifference

claim:  whether defendants' took reasonable measures to abate the risk that plaintiff faced in

being escorted without his cane by supporting him.  Accordingly, the undersigned recommends

that the court deny plaintiff's request for summary adjudication of his deliberate indifference

claim.

**IV.    Recommendation**

Accordingly, it hereby RECOMMENDED that plaintiff's May 21, 2012 motion for

summary judgment (Docket No. 55) be denied.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  Dated:  November 29, 2012.

4

5  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26