UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   2:10-CV-2427VAP                              Date:  October 20, 2015

Title:     DENNIS GERALD CLAIBORNE -v- BLAUSER, ET AL.
================================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:   MINUTE ORDER REGARDING DEFENDANTS' MOTIONS IN LIMINE (DOC. 138) AND PLAINTIFF'S VARIOUS MOTIONS (DOCS. 129, 162, 165)

       On February 2, 2015, Defendants J. Blauser and G. Martin ("Defendants") filed Motions in Limine.  (Doc. 138.)  Plaintiff Dennis G. Claiborne ("Plaintiff") filed an Opposition on March 3, 2015.  (Doc. 146.)  On July 15, 2015, Judge John A. Mendez denied the Motions without prejudice.  (Doc. 159.)  At the pretrial conference conducted on September 29, 2015, the Court granted Defendants' request to deem the Motions resubmitted.

       Plaintiff has also filed various Motions in this matter: (1) an Omnibus Motion (Doc. 129) on October 28, 2014; (2) a Motion to Quash, Objection to Defendants' Consent to Jurisdiction, and a Formal Accusation for Contempt (Doc. 162); and (3) a Motion for Judgment (Doc. 165).

EDCV 10-02427 VAP
DENNIS GERALD CLAIBORNE V. BLAUSER, ET AL.
MINUTE ORDER of October 20, 2015

After considering the papers filed in support of, and in opposition to, the Motions, the Court issues its rulings as follows:

## I.  DEFENDANTS' MOTIONS IN LIMINE (DOC. 138)

**A.  Defendants' Motion in Limine No. 1 ("DMIL #1"): Limiting Plaintiff's Testimony Concerning the Nature and Extent of any Alleged Injuries -- GRANTED in part and DENIED in part**

Defendants move to "prohibit Plaintiff from testifying about his medical records or offer an opinion on the issue of causation" because Plaintiff "lacks competent medical expertise to offer opinions or inferences about the nature and extent of his alleged injuries."[1]  (Motions in Limine at 2.)  The Court holds that the Motion is overly broad and thus GRANTS it in part and DENIES it in part.

Under Rule 702, a witness may testify as to "scientific, technical, or other specialized knowledge," if he is "qualified as an expert."  See Fed. R. Evid. 702.  "If a witness is not testifying as an expert," his testimony must be (1) "rationally based" on his perception, (2) "helpful," and (3) "not based on scientific, technical, or other specialized knowledge."  Fed. R. Evid. 701.

Here, there is no indication that Plaintiff is qualified as a medical expert.  Accordingly, Plaintiff "will not be permitted to offer any medical opinion or to report what any medical professionals told him about his condition."  See Jacobs v. Woodford, No. 1:08-cv-00369-JLT, 2013 WL 322010, at *3 (E.D. Cal. Jan. 28, 2013).  Plaintiff, however, "may testify about his own perceptions of what he felt when the injury occurred and how it feels now, how his physical condition impacts his life and as to any other information that is within his own personal knowledge based on his own perceptions."  See id.; Shorter v. Baca, Case No. CV 12-7337-DOC (AGRx), 2015 WL 1809282, at 15 n.7 (C.D. Cal. April 21, 2015) (holding that "much of

---

[1] Defendants also object to the medical records that Plaintiff has filed with this Court.  (Motions in Limine at 2.)  Defendants, however, are primarily concerned with the records because Plaintiff may introduce them *and testify about them*.  (See Motions in Limine at 2.)  Accordingly, the Court only addresses the extent to which Plaintiff may testify about the records.

EDCV 10-02427 VAP
DENNIS GERALD CLAIBORNE V. BLAUSER, ET AL.
MINUTE ORDER of October 20, 2015

Plaintiff's evidence regarding her diagnosis and need for specific medical treatment would be inadmissible under Federal Rule of Evidence 702" but that she would be able to testify about matters based on "her own perceptions").

    Accordingly, the Court GRANTS in part and DENIES in part DMIL #1.

**B.**    **Defendants' Motion in Limine No. 2 ("DMIL #2"): Limiting Plaintiff's Testimony about any Claims or Defendants that have been Dismissed -- GRANTED in part and DENIED in part**

    On September 29, 2011, Judge Lawrence K. Karlton adopted in full the findings and recommendations of U.S. Magistrate Judge Edmund F. Brennan and ordered that (1) "[t]he allegations in the pleading are sufficient at least to state potentially cognizable Eighth Amendment . . . claims against defendants Blauser and Martin" and (2) "[a]ll remaining claims and defendants are dismissed with leave to amend." (Screening Order (Doc. 22) at 14.)  Although the Court gave Plaintiff "30 days . . . [to] amend his complaint," Plaintiff did not file an amended complaint against the defendants who were previously dismissed -- Warden McDonald, correctional sergeant Gullion, and correctional officer McBride ("Dismissed Defendants"). (Id.)  Accordingly, his case proceeds to trial only against the two remaining Defendants, Blauser and Martin.

    Defendants claim that Plaintiff has continued to refer to the Dismissed Defendants in his pleadings, despite the Court's Screening Order dismissing them from the case. (Motions in Limine at 3.)  Citing Fed. R. Evid. 401 and 402, Defendants "move for an instruction barring Plaintiff from referring to or introducing any evidence relating to claims or defendants that have been dismissed." (Id.)  As with DMIL #1, the Court finds the relief sought overly broad and thus GRANTS the Motion in part and DENIES it in part.

    Relevant evidence is that which has any tendency to make the existence of any fact of consequence more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.  Relevant evidence is admissible subject to certain exceptions, while irrelevant evidence is inadmissible.  See Fed. R. Evid. 402.

EDCV 10-02427 VAP
DENNIS GERALD CLAIBORNE V. BLAUSER, ET AL.
MINUTE ORDER of October 20, 2015

     To the extent that Plaintiff seeks to introduce evidence about or refer to his earlier allegations against the Dismissed Defendants or their earlier status as defendants, the Court grants DMIL #2.  Such references are irrelevant as to whether Defendants violated Plaintiff's Eighth Amendment rights and thus are excluded.  The Court notes, however, that Plaintiff may need to refer to the Dismissed Defendants in order to present a coherent, comprehensive story to the jury.  In this sense, "Plaintiff should not be precluded from offering background facts regarding the events at issue, which may include facts related to his dismissed claims."  See Saenz v. Reeves, No. 1:09-cv-00057-BAM PC, 2013 WL 2481733, at *5 (E.D. Cal. June 10, 2013).  What is more, Defendants have provided "no authority . . . to support the proposition that evidence is irrelevant simply because it refers to claims or parties that were dismissed."  See Morris v. Long, No. 1:08-cv-01422-AWI-MJS, 2012 WL 1498889, at *8 (E.D. Cal. April 27, 2012).

     Accordingly, the Court GRANTS in part and DENIES in part DMIL #2.

**C.**    **Defendants' Motion in Limine No. 3 ("DMIL #3"): Limiting Plaintiff's Testimony about the Defendants' Motion for Partial Summary Judgment -- GRANTED**

     Defendant Blauser's decision to litigate Plaintiff's excessive force claim, rather than to file a motion for summary judgment, does not constitute an admission of liability on this count, and Plaintiff may not argue or suggest that it is such an admission during trial.

     Accordingly, the Court GRANTS DMIL #3.

**D.**    **Defendants' Motion in Limine No. 4 ("DMIL #4"): Limiting Plaintiff's Testimony about the Americans with Disabilities Act (ADA) or any Alleged ADA Violations -- GRANTED**

     Defendants also seek to bar Plaintiff "from testifying about the ADA," as "[t]his is not an ADA case, and the ADA's standards [are not] relevant here."  (Motions in Limine at 4.)  The Court agrees.

Plaintiff has asserted claims under the Eighth Amendment, not under the ADA. Plaintiff's references to the ADA are thus irrelevant and improper for purposes of this case.  See Fed. R. Evid. 402.

Accordingly, the Court GRANTS DMIL #4.

**E.    Defendants' Motion in Limine No. 5 ("DMIL #5"): Limiting Plaintiff's Testimony about the Defendants' Alleged Perjury -- GRANTED in part and DENIED in part**

In his Trial Brief, Plaintiff has asked that the jury be instructed on "false statement" and "perjury," and has included a section in his Brief about the relevant law as to both claims.  (Doc. 121 at 5, 13.)  Perjury, however, is a criminal offense requiring prosecution by the appropriate prosecuting authority.  This is a civil case concerning Plaintiff's claim that Defendants violated his Eighth Amendment rights.

Defendants ask that the Court prohibit Plaintiff "from using the terms 'perjury' or 'false statement,' or similar terms," arguing that "even the slightest reference . . . will unfairly prejudice them and mislead the jury."  (See Motions in Limine at 5.) Defendants' request is overly broad, and the Court DENIES it in part and GRANTS it in part.

Certain discovery tools require a party to respond honestly and truthfully.  For example, interrogatories must "be answered separately and fully in writing *under oath*."  Fed. R. Civ. P. 33(b)(3) (emphasis added).  If the answers are "not sworn or notarized, such oaths should take substantially the following form: 'I declare . . . under penalty of perjury that the foregoing is true and correct." McClellan v. Kern Cty. Sheriff's Office, No. 1:10-cv-0386-LJO-MJS (PC), 2015 WL 4598871, at *2 (E.D. Cal. July 28, 2015) (citing 28 U.S.C. § 1746(2)).

To the extent that Plaintiff inquires about the duty to answer truthfully in order to undermine a witness's credibility, DMIL #5 is denied.  As Defendants themselves acknowledge, "Plaintiff will remain free to impeach the Defendants with any inconsistent statements, and to argue the inferences that he believes should be drawn from the inconsistencies."  (Motions in Limine at 5.)  To the extent that Plaintiff focuses on such inconsistencies to prove perjury, DMIL #5 is granted.  As

stated above, this case is about whether Defendants violated the Eighth Amendment, not whether they committed perjury. Such references would therefore be irrelevant and thus inadmissible. See Fed. R. Evid. 402.

The Court, of course, retains the right to control questioning and to exclude evidence if its probative value is "substantially outweighed by a danger of . . . unfair prejudice, . . . misleading the jury, [or] . . . wasting time." See Fed. R. Evid. 403. To the extent that Plaintiff repeatedly refers to or introduces evidence about Defendants' alleged perjury, the Court, in its discretion, may instruct the jury to use the evidence only for its proper purpose, redact the offensive portions, or exclude the evidence altogether.

Accordingly, the Court GRANTS in part and DENIES in part DMIL #5.

## II.  PLAINTIFFS' MOTIONS (DOCS. 129, 162, 165)
### A.  Omnibus Motion (Doc. 129) -- MOOT

In his Omnibus Motion, Plaintiff requests that Defendants provide him with "an identification of each document or other exhibit" that they "expect[] to offer and those [they] may offer if the need arises," along with a "description by category and location of all documents" that the Defendants have in their "possession, custody, or control." Plaintiff's requests are essentially discovery requests under Fed. R. Civ. P. 26.

In its Pretrial Conference Order from March 21, 2014, the Court listed all the exhibits that "Defendants expect to use . . . at trial." (Pretrial Order (Doc. 124) at 11-12.) Furthermore, Defendants should have "mail[ed] copies of their exhibits, schedules, and summaries and other items they anticipate offering into evidence to [Plaintiff] no later than twenty-eight day[s] before trial." (Id. at 12.) Plaintiff filed his Omnibus Motion almost a year ago on October 28, 2014. Plaintiff does not now claim that Defendants failed to provide him with the requisite documents, and in any event has the exhibit list as set forth in the Court's Pretrial Order.

Accordingly, the Court finds Plaintiff's Omnibus Motion MOOT.

EDCV 10-02427 VAP
DENNIS GERALD CLAIBORNE V. BLAUSER, ET AL.
MINUTE ORDER of October 20, 2015

## B.  Motion to Quash, Objection to Defendants' Consent to Jurisdiction, and a Formal Accusation for Contempt ("Motion to Quash") (Doc. 162) -- DENIED

In his Motion to Quash, Plaintiff first claims that Defendants consented to jurisdiction of a U.S. Magistrate Judge in order to avoid his accusations of contempt and his motions for sanctions.  (See Doc. 162 at 1-2.)  The Court finds this part of Plaintiff's Motion MOOT.  This case is being tried before a District Judge, not a Magistrate Judge.

Plaintiff's Motion to Quash also accuses Defendants of adjusting their discovery responses in "bad faith," and including "fraudulent statements" in their responses.  (Motion to Quash, Exh. 2, at 3.)  The Court finds that Plaintiff essentially accuses Defendants of perjury.  Contradictory statements in discovery responses, without more, do not suffice as proof of perjury.  Accordingly, the Court DENIES Plaintiff's Motion to Quash to the extent that it asks the Court to consider his claim of perjury.

Plaintiff has also requested that the Court impose on Defendants sanctions under Fed. R. Civ. P. 37.  (Exh. 2 at 2.)  Specifically, Plaintiff cites to Roadway Exp. Inc. v. Piper, where the Supreme Court held that "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent."  448 U.S. 752, 763-64 (1980) (citations omitted) (internal quotation marks omitted).  "Federal Rule of Civil Procedure 37(b) authorizes sanctions for failure to comply with discovery orders."  Id. at 763.  Here, Plaintiff provides no basis for sanctions, as his Motion to Quash does not identify what discovery order Defendants have violated or how they violated it.  Plaintiff asserts that Defendants' "purposeful bad acts" can be found in "Exhibits 1 to 13 and 14 to 24" and "Exhibits numbered 16, 17, and 18." (Exh. 2 at 3.)  Many of these Exhibits are Defendants' requests for an extension of time to, for example, respond to Plaintiff's discovery requests and to file a responsive pleading.  (Exh. 2, Exhibit List.)

None of these documents indicate a "failure to comply with discovery orders."  See Roadway, 448 U.S. at 763.

EDCV 10-02427 VAP
DENNIS GERALD CLAIBORNE V. BLAUSER, ET AL.
MINUTE ORDER of October 20, 2015

Accordingly, the Court DENIES Plaintiff's Motion to Quash to the extent it asks for sanctions.

## C. Motion for Judgment (Doc. 165) -- DENIED

Plaintiff asks the Court to grant its previous Motion to Quash (Doc. 162) because Defendants have "faile[d] to timely respond." (Doc. 165 at 1.)

As Plaintiff's Motion for Judgment merely duplicates his previous Motion to Quash, his Motion for Judgment is DENIED.

## III. CONCLUSION

For the foregoing reasons, the Court:
GRANTS in part and DENIES in part DMIL #1 limiting Plaintiff's testimony concerning the nature and extent of any alleged injuries;
GRANTS in part and DENIES in part DMIL #2 limiting Plaintiff's testimony about any claims or defendants that have been dismissed;
GRANTS DMIL #3 limiting Plaintiff's testimony about the Defendants' Motion for Partial Summary Judgment;
GRANTS DMIL #4 limiting Plaintiff's testimony about the Americans with Disabilities Act (ADA) or any alleged ADA violations;
GRANTS in part and DENIES in part DMIL #5 limiting Plaintiff's testimony about the Defendants' alleged perjury ;
Finds Plaintiff's Omnibus Motion MOOT;
DENIES Plaintiff's Motion to Quash; and,
DENIES Plaintiff's Motion for Judgment.

**IT IS SO ORDERED.**