UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA



| | |
|---|---|
| Dennis Claiborne,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Blauser, et al.,<br><br>　　　　　　Defendants. | 2:10-CV-2427VAP<br><br>**ORDER DENYING (1) MOTION FOR NEW TRIAL AND RELIEF FROM JUDGMENT; (2) MOTION FOR TRANSCRIPT OF THE PROCEEDINGS, AND (3) "MOTION REQUESTING RESOLVE OF SPEEDY TRIAL ACT VIOLATION"** |

　　　　On November 6, 2015, Plaintiff Dennis Claiborne ("Plaintiff") filed his Motion for New Trial and Relief from Judgment ("Motion"). (Doc. 191.) On June 30, 2016, Plaintiff filed his Motion for Transcript of the Proceedings ("Transcript Motion") to aid in his appeal. (Doc. 198.) On August 1, 2016, Plaintiff filed a "Motion Requesting Resolve of Speedy Trial Act Violation" ("Trial Act Motion"). (Doc. 200.) Defendants J. Blauser and G. Martin ("Defendants") did not file timely oppositions to the three Motions. Plaintiff's Motions are appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15.

　　　　After consideration of the papers filed in support of the Motions, the Court DENIES them in their entirety.

## I.　BACKGROUND

　　　　This matter came on regularly for a jury trial on October 20, 2015, in the Eastern District of California. (Final Judgment (Doc. 188) at 1.) Plaintiff represented himself, and Defendants appeared by their attorneys Timothy H. Delgado and Kelly A. Samson. (Id.)

At trial, Plaintiff claimed Defendants -- two correctional officers -- used excessive force against him and exhibited a deliberate indifference to his medical needs while he was housed at the High Desert State Prison ("HDSP"), in violation of his rights under the Eighth Amendment.  (See id. at 2-6.)

On October 22, 2015, the jury returned its verdict and found neither Defendant violated Plaintiff's constitutional rights.  (See id.)  The Court entered a final judgment as to Plaintiff's claims on October 29, 2015 (see generally Final Judgment), and Plaintiff appealed on February 9, 2016 (Doc. 194).

On July 20, 2016, the Ninth Circuit Court of Appeals stayed Plaintiff's appeal, pending resolution of the Motion.  (See Doc. 199 at 1.)  The Court now considers the Motion, the Trial Act Motion, and the Transcript Motion.

## II.   DISCUSSION

The Court addresses first the merits of Plaintiff's Motion, then turns to his Trial Act Motion, and concludes with a discussion of his Transcript Motion.

### A.    Motion for New Trial and Relief from Judgment

Plaintiff claims he is entitled to a new trial because he was "required to appear . . . in shackles" while litigating his case "in [front] of the jury."  (Motion at 2.)  He claims he is entitled to relief from the judgment because the Court ruled against him on various Motions erroneously.  (See id. at 3-7.)

#### 1.    New Trial

Under Federal Rule of Civil Procedure Rule 59, a court may "grant a new trial on all or some of the issues -- and to any party -- . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).  "Historically recognized grounds [for granting the motion] include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. Mar. 23, 2007) (quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)).  A "trial court may grant a new trial only if the verdict is contrary to the

clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." Id. (citations omitted) (internal quotation marks omitted).

Plaintiff contends his Motion should be granted because he was "required to appear . . . in shackles" throughout the trial.  (Motion at 2.)  The argument is unavailing.  Plaintiff filed various pretrial Motions (e.g., Docs. 129, 162, 165) but never objected to the shackling of his feet before or during trial.  Furthermore, he fails to identify any specific issue caused by the shackling of his feet.  In any case, the shackling here could not have resulted in a "miscarriage of justice" because they only restrained his feet, and it is unlikely the jury ever saw them.  See Molski, 481 F.3d at 729.  To the extent the jury saw the shackles during trial, it had already been informed before trial Plaintiff was a prisoner.  The Court specifically asked the venire during voir dire whether each potential juror could be impartial, despite Plaintiff's custody status, and only those who agreed were allowed to serve on the jury.

Plaintiff's right to a fair trial is fundamental even in civil cases, and hence, a court has an obligation to "assure itself that security precautions do not unnecessarily impair plaintiff's ability to present his case . . . free of distraction." Puckett v. Zamora, No. 1:12-cv-00948 JLT PC, 2015 WL 3869662, at *3 (E.D. Cal. June 23, 2015) (citations omitted).  Here, even if Plaintiff had objected to appearing in shackles, the Court would have still required his feet to be restrained because Plaintiff is a convicted felon serving a lengthy prison sentence.  That his hands were not restrained allowed him to present his case effectively to the jury.

Accordingly, Plaintiff's Motion for New Trial is DENIED.

### 2. Relief from Judgment

Rule 60(b) provides "a court may relieve a party . . . from a final judgment . . . for . . . (1) mistake, inadvertence, surprise, or excusable neglect; [or] . . . (3) fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3).

Plaintiff claims he is entitled to relief under Rule 60(b) because the Court (1) prevented him from testifying about his medical records; (2) denied his request for a medical expert; (3) barred his testimony regarding the Americans with Disabilities Act ("ADA"); and (4) informed him he could call a witness who was unresponsive at trial.

None of Plaintiff's allegations involve misconduct "by [the] opposing part[ies]." See Fed. R. Civ. P. 60(b)(3). Plaintiff claims only that the Court's actions were erroneous. As Plaintiff has failed to "prove by clear and convincing evidence . . . the verdict was obtained through fraud [committed by the opposing parties]," he is not entitled to relief under Rule 60(b)(3). See De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000) (citations omitted). Accordingly, the Court DENIES his Motion on this ground.

The Court also DENIES the Motion to the extent Plaintiff seeks relief based on the Court's alleged "mistake[s]" or "inadvertence." See Fed. R. Civ. P. 60(b)(1). Although Rule 60(b)(1) encompasses "mistake and inadvertence by the judge," the Court here did not err in its rulings on Plaintiff's Motions. See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. Feb. 9, 1999). First, the Court prohibited Plaintiff from giving any opinion about his medical records because he was not a qualified medical expert under Federal Rule of Evidence 702. (See Limine Order (Doc. 177) at 2.) Plaintiff was allowed to testify about his own perceptions of what he felt when the injury occurred. (Id.) Second, the Court denied his request for a medical expert because the "in forma pauperis statute [did] not authorize the expenditure of public funds for [such] witnesses." (Expert Order (Doc. 54) at 2 (citing 28 U.S.C. § 1915).) Third, his testimony concerning the ADA was barred because he had not brought claims under the ADA against Defendants, only claims under the Eighth Amendment. Accordingly, any testimony about the ADA would have been irrelevant and would have served to confuse the jury. Finally, Plaintiff claims the Court erroneously advised him to "consider calling [a] witness" who was later unresponsive to Plaintiff's questions. (See Motion at 6.) The Court's statement did not constitute legal advice, and it was Plaintiff's decision ultimately to call the witness. As Plaintiff cannot obtain relief under Rule 60(b)(1) for actions he took "deliberate[ly]," the Court DENIES his Motion. See Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1101 (9th Cir. 2006).

Accordingly, Plaintiff's Motion for New Trial and Relief from Judgment is DENIED.

**B.     Trial Act Motion**

Plaintiff claims this Court violated the Speedy Trial Act by failing to render quickly a decision on his Motion for New Trial and Relief from Judgment.  (See generally Trial Act Motion.)  The Speedy Trial Act sets the time by which the Government must file an indictment against a defendant, and by which a defendant must stand trial.  See 18 U.S.C. § 3161(b), (c)(1).  This is a civil case, and hence, the Act has no applicability here.  Even if it did, the Court has rendered a decision on his Motion, which, in turn, MOOTS his Trial Act Motion.

Accordingly, the Trial Act Motion is DENIED.

**C.     Transcript Motion**

Plaintiff requests the Court provide a full transcript of the trial proceedings to the Ninth Circuit because his case raises a "substantial question." (Transcript Motion at 2.)  Although it is unclear under what authority he seeks the transcript, his references to a "substantial question" and the "Criminal Justice Act" lead the Court to conclude his request is made under 28 U.S.C. Section 753(f).  Under this Section, the Court may order the Government to pay for the transcript only if the "appeal presents a substantial question."  See Maddox v. Yates, No. 1:07-cv-01227-MJS PC, 2012 WL 1636009, at *2 (E.D. Cal. May 8, 2012) (citing Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984)).  "Based on Plaintiff's notice of appeal, the Court finds . . . the appeal does not present a substantial question," and hence, the Transcript Motion is DENIED.  See id.

5

### III.  CONCLUSION

For the reasons stated above, the Court DENIES the Motion, the Trial Act Motion, and the Transcript Motion.

**IT IS SO ORDERED.**

Dated:   8/30/16

                                          Virginia A. Phillips
                                   Chief United States District Judge